UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LANDMARK TECHNOLOGY, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:12-cv-00672-MHS-JDL |
| | § | |
| ANN INC., | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ann Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York (Doc. No. 17). The matter has been fully briefed (Doc. Nos. 23, 25 & 27). Upon consideration of the parties' arguments, Defendant's Motion is **DENIED**.

## BACKGROUND

Plaintiff Landmark Technology, LLC ("Landmark") alleges that Defendant Ann Inc. ("Ann") operates websites that infringe U.S. Patent Nos. 5,576,951 and 7,010,508. COMPLAINT at ¶ 9. At the time this action was initiated, thirteen cases involving the patents in suit were co-pending in this District.[1]

Ann is a Delaware corporation with a principal place of business in 7 Times Square, 15th Floor, New York, NY 10036. COMPLAINT at ¶ 6. Landmark is a limited liability company duly organized and existing under the laws of Delaware with a principal place of business at 719 W. Front Street, Suite 157 in Tyler, TX 75702. *Id.* at ¶ 5. On September 1, 2008, Landmark became the exclusive licensee of the patents in suit. *Id.* at ¶¶ 7-8.

---

[1] *See, e.g.*, Landmark Technology, LLC. v. Lumber Liquidators, Inc., No. 6:12-cv-590.

## **LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

# DISCUSSION

## I. The Parties' Contentions

Ann contends that because most of its documents and personnel related to the operation of the accused websites are located in New York, transfer to the Southern District of New York is most convenient. MOTION at 2. Additionally, Ann asserts that Landmark's infringement claims target conduct that occurred in and around the Southern District of New York, where it (1) maintains source code and technical documents related to the accused websites; (2) employs over 850 people; and (3) maintains servers related to and supporting the accused websites along the eastern seaboard. *Id.* at 2. Conversely, Ann knows of no person residing near this District involved with the operation, design, development, or maintenance of the accused websites. *Id.* at 7. As such, Ann argues that the bulk of the evidence, including documents and witnesses, are located near the transferee forum. *Id.* at 6. Ann contends that transfer to the Southern District of New York is therefore more convenient. *Id.* at 2, 9. Further, Ann asserts that the local interest factor favors transfer because Ann's ties to the transferee forum give the people of New York a strong interest in having this case decided locally. *Id.* at 10.

In opposition, Landmark contends that Ann has failed to fulfill its burden to establish that the Southern District of New York is a clearly more convenient district. RESPONSE at 2. Landmark asserts, *inter alia*, that (1) the interests of judicial economy heavily weigh against transfer; and (2) Ann has not identified relevant witnesses with sufficient specificity. *Id.* at 7-12.

## II. Jurisdiction of the Transferee Forum

As a threshold matter, the parties do not dispute whether Landmark could have filed this suit in the transferee forum. Turning to a discussion of the *Volkswagen* factors, Ann has failed to

meet its burden to show that transfer to the Southern District of New York is clearly more convenient.

## III. The "Clearly More Convenient" Standard

While the Fifth Circuit does not independently consider the plaintiff's choice of forum as a "paramount consideration" or afford it "great" or "substantial" weight, "it is nonetheless taken into account as it places a significant burden on the movant to show good cause for transfer." *Volkswagen II*, 545 F.3d at 314 n.10; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting that "the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue"); *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N.A., Inc.*, No. 6:11cv34, slip op. at 5-7 (E.D. Tex. Apr. 19, 2012). Accordingly, a plaintiff's decision to file in this District "places a significant burden on [Defendants] to show good cause for transfer," a burden that this Court does not take lightly. *Volkswagen II*, 545 F.3d at 314 n.10; *Lake Cherokee Hard Drive Technologies, LLC v. Bass Computers, Inc.*, No. 2:10cv216 JRG, 2012 WL 462956, at *5 (E.D. Tex. Feb. 13, 2012).

## IV. The Private Interest Factors

### a. The Relative Ease of Access to Sources of Proof

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006). To meet its

burden, Defendant must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No 6:08cv211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009); *see also Invitrogen v. Gen. Elec. Co.*, No. 6:08cv113, 2009 WL 331889, at *3, (E.D. Tex. Feb. 9, 2009).

Ann indicates that the source code and technical documents related to the accused websites are housed in its offices in New York and Connecticut. MOTION at 2. Landmark disputes the importance of this factor and asserts that modern developments in electronic data storage have diminished the burden of transferring evidence from one district to another. RESPONSE at 3 (citing *Koslofsky v. Santaturs, Inc.*, 2011 U.S. Dist. LEXIS 93865, at *10 (S.D.N.Y. Aug. 18, 2011); *Motorola Mobility, Inc. v. Apple, Inc.*, 2012 WL 3113932, at *7 (S.D. Fla. July 31, 2012)). However, in the Fifth Circuit, "the fact 'that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.'" *TS Tech*, 511 F.3d at 1321 (quoting *Volkswagen II*, 545 F.3d at 316). Because the bulk of the evidence is in or near the Southern District of New York, this factor favors transfer.

### b. The Availability of Compulsory Process to Secure Attendance of Witnesses

The availability of compulsory process favors transfer if the majority of non-party witnesses are located within the Southern District of New York. *See Volkswagen II*, 545 F.3d at 316. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No. 6:10-cv-229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *see also*

*West Coast Trends, Inc. v. Ogio Int'l Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

Ann has specifically identified its former Vice President Julian Ellin and its former Director of Internet Applications David Wertz as two potential non-party witnesses who work and appear to reside in the transferee forum. REPLY at 2; DECLARATION OF STACY O STITHAM at ¶¶ 4-6, ATTACHED TO REPLY. In contrast, Landmark has identified BazaarVoice, a company based in Austin, Texas that conducts reviews and ratings with respect to the functionality of the accused websites. RESPONSE at 5. However, Landmark has not identified any specific individuals from BazaarVoice. Accordingly, the Court gives little weight to Landmark's unidentified witnesses from BazaarVoice. Given that all of the specifically identified non-party witnesses appear to be in and around the Southern District of New York, this factor favors transfer.

### c. The Cost of Attendance for Willing Witnesses

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *TS Tech*, 551 F.3d at 1320 (citations omitted).

Defendants fail to specifically identify employees with relevant knowledge of the ecommerce website. Rather, Ann generally claims that personnel knowledgeable about the website are among the more than 750 employees located in New York and eighty-nine employees located in Connecticut. MOTION at 2. Without any specific witnesses or any

indication as to the relevance and materiality of the information they may provide, the Court can only speculate as to the difficulty and cost of potential witnesses attending trial in this District. *See NovelPoint*, 2010 WL 5068146, at *6. In contrast, Landmark has specifically identified six witnesses in California who are knowledgeable about the prosecution and licensing of the patents, including the named inventor of the patents;[2] these witnesses would indeed be inconvenienced by having to travel to the Southern District of New York rather than the Eastern District of Texas. RESPONSE at 7. Accordingly, the Court finds that this factor weighs against transfer.

### d. Other Practical Problems

#### 1. Judicial Economy

Although judicial economy is not among the list of enumerated factors, it can be a "paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen II*, 565 F.2d at 1351. The Court considers judicial economy according to the situation that existed at the time the action was initiated. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (indicating motions to transfer venue are to be decided based on "the situation which existed when the suit was instituted.); *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) ("[A] district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed.").

Under the circumstances, judicial economy would not be served by transfer. At the time the present suit was instituted, over thirteen lawsuits involving the same patents were co-

---

[2] These individuals are Henri Charmarsson, John Buchaca, Patrick Nunally, Melodi Camp, Karen Laney, and Lawrence Lockwood. DECLARATION OF CHARLES AINSWORTH at ¶ 5, ATTACHED TO RESPONSE.

pending.³ No transfer motions have been filed in these actions. While various pretrial issues have not yet been addressed, including claim construction, no suits involving the patents in question were pending in the Southern District of New York at the time of filing this suit. RESPONSE at 10-11. Due to the significant overlap in issues involving the same patents and the fact that there are no transfer motions in the co-pending cases, it would best serve judicial economy to address the overlapping issues in a single proceeding. *See EMC*, 501 Fed. Appx. at 976 (concluding that a district court may "consider the benefits to judicial economy arising from having the same judge handle both [Plaintiff's] suits against the [Defendant] and [Plaintiff's] suits against other parties involving the same patents and technology as to which there was no issue of transfer."). Thus, this factor heavily weighs against transfer.

## V. The Public Interest Factors

### a. The Administrative Difficulties Flowing From Court Congestion

This factor is the most speculative, and cannot alone outweigh other factors. *Genentech*, 566 F.3d at 1347. As the Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the Court with little guidance as to the speed with which patent cases reach trial. *See West Coast Trends, Inc.*, 2011 WL 5117850, at *4 ("As is common with this factor, the parties cite to incongruous statistics which prevents the Court from drawing a meaningful conclusion as to court congestion."). However, the speed with which a case may get to trial is still relevant under the § 1404(a) analysis. *Id.*

Landmark cites to the United States Courts website, which states that the median time to trial in the Southern District of New York is roughly three months longer than that of the Eastern District of Texas. RESPONSE at 13. Additionally, Landmark notes that 26.7% of cases in the

---

³ Although the parties note that Plaintiff has filed forty-two actions in this District, twenty of which are currently co-pending, RESPONSE at 10; *see also* REPLY at 3-4, the Court only considers the thirteen cases involving the same patents that were co-pending at the time the present suit was initiated. *See Hoffman*, 363 U.S. at 343.

Southern District of New York remain pending after three years, while 5.1% of cases in the Eastern District of Texas remain pending over the same period of time. *Id.* However, these statistics pertain to civil cases generally and are not directly related to patent cases. Thus, they provide little guidance with respect to court congestion regarding patent cases. *See West Coast Trends, Inc.*, 2011 WL 5117850, at *4. In light of its speculative nature, this factor is neutral.

### b. The Local Interest in Having Localized Interests Decided at Home

The location of the alleged injury is traditionally an important consideration in weighing this factor. *TS Tech*, 551 F.3d at 1321. However, in a patent infringement case, when the accused systems are used nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *In Re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

Defendant Ann, Inc. maintains its headquarters in the transferee forum. MOTION at 2. Additionally, the maintenance and development of the accused websites occurs in New York, where Ann employs hundreds of people. *Id.* Because the infringement action calls into question the work and reputation of those in and around the Southern District of New York, this factor favors transfer.

### c. The Remaining Public Interest Factors

The parties agree that the remaining public interest factors are neutral. MOTION at 9; RESPONSE at 12-13. Both courts are familiar with federal patent law and there are no conflicts to avoid.

## CONCLUSION

Although litigation is always an inconvenience, the "clearly more convenient" standard addresses situations where the disparity in convenience is readily apparent. In § 1404 analysis, it is not enough for Ann to show that there is some convenience in litigating the case in a different forum. Rather, Ann must show that convenience in the transferee forum clearly outweighs the convenience of the transferor venue.

Here, Ann has failed to meet that burden. While the local interest factor, relative ease of access to sources of proof, and availability of compulsory process weigh in favor of transfer, these factors simply show there is some convenience in litigating this case in the Southern District of New York. These factors are counterbalanced by considerations of judicial economy and the cost of attendance for willing witnesses. Moreover, the remaining factors are neutral. Therefore, Ann has failed to show that any convenience resulting from transfer to the Southern District of New York clearly outweighs the convenience of litigating this case in the Eastern District of Texas. Accordingly, Defendant Ann Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York is **DENIED**.

**So ORDERED and SIGNED this 1st day of July, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE